IN THE SUPREME COURT OF THE STATE OF DELAWARE

PATRICK L. BROWN, §
§ No. 198, 2014
    Defendant Below– §
    Appellant, §
§
    v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for Sussex County
§ Cr. ID 1112011002
    Plaintiff Below– §
    Appellee. §

Submitted: March 20, 2015
Decided: May 22, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 22nd day of May 2015, upon consideration of the parties' briefs, their supplemental memoranda, and the record on appeal, it appears to the Court that:

(1)    The appellant, Patrick Brown ("Brown"), filed this appeal from the Superior Court's order, dated March 28, 2014, denying his first motion for postconviction relief. The case was scheduled to be considered by the Court on the basis of the briefs on August 8, 2014. On October 7, however, the Court stayed the appeal pending the outcome of another appeal, *Ira Brown v. State*, No. 178, 2014. The Court issued its opinion in *Brown v. State* on January 23, 2015.[1] The parties were directed to file supplemental memoranda addressing the applicability of that

_____
[1] *Brown v. State*, 108 A.3d 1201 (Del. 2015).

decision to this appeal. After careful consideration of the parties' briefs and supplemental memoranda, we conclude that Brown's knowing and voluntary guilty plea bars the claims he now raises. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that Brown pled guilty on March 6, 2012 to one count of one count each of Drug Dealing, Possession of a Firearm during the Commission of a Felony ("PFDCF"), Possession of a Deadly Weapon by a Person Prohibited ("PDWPP"), and Receiving Stolen Property. Brown also admitted to violating probation with respect to 1997 convictions for Burglary in the First Degree and related offenses. At the time he pled guilty, the drug evidence in his case had been sent to the Office of the Chief Medical Examiner ("OCME") for testing, but the testing was not completed until *after* Brown pled guilty. After his plea, the Superior Court sentenced Brown to a total period of thirty years at Level V incarceration, to be suspended after serving fourteen years for decreasing levels of supervision. This Court affirmed Brown's convictions and sentence on direct appeal.[2]

(3) On March 26, 2014, Brown filed a motion for postconviction relief. Brown alleged that his counsel was ineffective for failing to challenge the State's evidence during the plea proceedings, that the State failed to provide discovery as

---

[2] *Brown v. State*, 2012 WL 5256950 (Del. Oct. 23, 2012).

2

requested prior to the plea, and that the State withheld the discovery materials in order to gain an unfair advantage during the plea bargaining process. All of Brown's claims arose from a news report indicating that the State was undertaking a criminal investigation into misconduct at the OCME. On March 28, 2014, the Superior Court denied Brown's motion for postconviction relief, holding that Brown's motion was untimely under Superior Court Criminal Rule 61(i)(1) and Brown's allegations about the investigation into misconduct at the OCME were insufficient to overcome the procedural time bar. This appeal followed.

(4) After briefing on appeal was complete, the Court stayed further consideration of the appeal pending the outcome of another appeal, *Ira Brown v. State*, No. 178, 2014. The Court issued its opinion in *Brown v. State* on January 23, 2015.[3] In that case, among other things, we rejected the defendant's postconviction claim that he was entitled to withdraw his guilty plea based on the newly discovered evidence of misconduct at the OCME. In the context of that case, we held that Brown's knowing, intelligent, and voluntary guilty plea waived any right to test the chain of custody of the drug evidence.[4]

(5) Brown and the State were directed to file supplemental memoranda addressing the applicability of *Brown v. State* to this appeal. In his supplemental

---

[3] *Brown v. State*, 108 A.3d 1201 (Del. 2015).
[4] *Id.* at 1205-06.

3

memorandum, Brown does not address the applicability of our decision in *Brown v. State* to his case. In its supplemental memorandum, the State asserts that the Court's decision in *Brown v. State* controls Brown's assertion that his guilty plea was not knowing and voluntary because he was not informed about misconduct at the OCME. The State argues that the information about the criminal investigation into the OCME was material impeachment evidence and, under *Brown v. State*, Brown had "no constitutional right to receive material impeachment evidence before deciding to plead guilty."[5] By pleading guilty, Brown "waived any right he had to test the strength of the State's evidence against him at trial, including the chain of custody of the drug evidence that he claims he was entitled to receive."[6]

(6)  We agree with the State's contention. The plea colloquy in Brown's case reflects that Brown entered his guilty plea knowingly, intelligently, and voluntarily. He acknowledged that he was guilty of each crime to which he pled guilty. On the record, Brown explained to the judge that, for a while he had been successful at keeping away from drugs but somehow had returned to "old school freebasing." Brown is bound by the statements he made to the Superior Court before his plea was accepted. He may not seek to reopen his case to a make claim that does not address his guilt and merely involves impeachment evidence that

---

[5] *Id.* at 1202.

[6] *Id.*

4

would only be relevant at a trial.[7]  Under the circumstances, we agree with the Superior Court's conclusion that Brown's motion for postconviction relief was procedurally barred, and Brown failed to overcome the procedural hurdles.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Randy J Holland_
Justice

---

[7] *Brown v. State*, 108 A.3d at 1206.

[8] *See* Super. Ct. Crim. R. 61(i)(1), (5) (2013).